UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOMER WILLIAMS,

      Plaintiff,

      v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

      Defendant.

No. 15 C 8106

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Homer Williams filed this action seeking review of the final decision of the Commissioner of Social Security denying his application for application for Supplemental Security Income (SSI). The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On November 17, 2016, pursuant to sentence four of 42 U.S.C. § 405(g), the Court reversed the decision of the Administrative Law Judge (ALJ) and remanded the case to the Commissioner for further proceedings. (Dkt. 22). Plaintiff's counsel now seeks to recover his attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons set forth herein, Plaintiff's motion is granted.

### I. BACKGROUND

Plaintiff protectively applied for SSI on August 1, 2012, alleging that he became disabled on February 7, 1996, due to a gunshot wound in the right leg, depression, high blood pressure, and seizures. The Commissioner denied Plaintiff's application

initially and on reconsideration. Following a hearing, the ALJ denied Plaintiff's request for benefits, finding that he was not suffering from a disability as defined by the SSA. After the Appeals Council denied Plaintiff's request for review, he sought judicial review. On November 17, 2016, the Court reversed the ALJ's decision and remanded the matter to the Commissioner for further proceedings. The Court determined that the ALJ's credibility determination was patently wrong. The Court found that none of the reasons provided by the ALJ for rejecting Plaintiff's credibility were legally sufficient or supported by substantial evidence.

Plaintiff's counsel now moves for attorney's fees under EAJA.[1] Counsel seeks $8,151.41 for 53.5 hours of work on the case (30.25 hours of attorney time at $190.28 (2015 adjusted EAJA rate), $192.68 (2016 adjusted EAJA rate) per hour, and $194.96 (2017 adjusted EAJA rate) and 23.25 hours of legal assistant time at $100 per hour). (Dkt. 25 & Ex. 2).[2]

## II. STANDARD OF REVIEW

EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C.

---

[1] In his motion, Plaintiff's counsel states that he is requesting "related nontaxable expenses" (Dkt. 24) but does not provide an amount or any documentation to show what those "expenses" were. The Court assumes the reference to "expenses" was an oversight.

[2] In his reply, Counsel supplemented his fee petition to reflect the 5 hours drafting the reply memorandum (using the February 2017 adjusted rate of $195.57 per hour). (Reply 6–7). The Court finds these hours reasonable. Thus, Counsel seeks a total of $9,029.26 for 58.5 hours of work on the case (35.25 hours of attorney time and 23.25 hours of legal assistant time). (*Id.*).

§ 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA allows for an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court indicated in *INS v. Jean*, 496 U.S. 154, 161 (1990), that the district court's task of determining what fee is reasonable under EAJA is essentially the same as that described in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Under *Hensley*, the plaintiff bears the burden of providing accurate documentation and demonstrating that the fee request is reasonable. 461 U.S. at 437. Nevertheless, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensable fee." *Id.* at 435.

### III. DISCUSSION

The Commissioner does not assert that her position opposing Plaintiff's application for SSI was substantially justified. (Dkt. 28, Resp.). Instead, the Commissioner objects to the fee request as unreasonable because plaintiff's attorney bills are at a quarter-hour minimal rate and because the fee request fails to reflect billing judgment. (*Id.* 1). The Commissioner also asserts that the request uses the national Consumer Price Index (CPI) where the Chicago CPI would more accurately reflect the increase in the cost of living in plaintiff's and his attorney's market. (*Id.*). Finally, the Commissioner requests if that EAJA fees are awarded, the order should provide any fees paid belong to plaintiff and not his attorney, to be offset to satisfy any pre-existing debt the litigant owes to the United States. (*Id.* 4).

**A. Hourly Rate and Cost-of-Living Adjustments Under EAJA**

EAJA prescribes a maximum rate of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute allows a court to award a higher rate when "the court determines that an increase in the cost of living [since 1996, when the current version of the act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*; *accord Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). As to the cost-of-living factor, EAJA does not "create an *entitlement* to an inflation adjustment." *Mathews-Sheets*, 653 F.3d at 563. Instead, to establish a cost-of-living enhancement, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal services to a person seeking relief against the government." *Id.*

Here, Counsel seeks an hourly rate of $192.68 for attorney work performed on behalf of Plaintiff in this action in 2016. (Dkt. 25-2). In support of this rate, Counsel relies on (1) the CPI detailing the effects of inflation on a nationwide basis from 1996 until January 2017 (the majority of legal work in this action was performed in 2016); (2) affidavits from the two attorneys in this case that the fee requested is reasonable in matters of this nature; (3) affidavits from two other local attorneys who charge hourly rates ranging from $250 to $350 for handling similar cases; and (4) an affidavit of the paralegal in this matter stating that he has prepared over two dozen petitions under the EAJA and believes the fee requested is reasonable. The Commissioner has not presented any evidence in rebuttal. Moreover, other courts in the Northern District of Illinois have found that similar supporting evidence justifies an inflation

adjustment to the EAJA hourly rate. *See Brent v. Astrue*, No. 11 C 964, 2012 WL 6685688, at *7 (N.D. Ill. Dec. 19, 2012) (collecting cases). Accordingly, the Court finds that Counsel's uncontradicted evidence adequately demonstrates that a cost-of-living increase from the $125 per hour statutory rate is justified.

The Commissioner also contends that the Court should rely on the Chicago metropolitan area CPI rather than the all urban consumers CPI (CPI-U) in determining the appropriate cost of living adjustment. (Resp. 3). But district courts in the Seventh Circuit have routinely held that "the CPI–U is an appropriate index by which to show that the cost of living in this region has indeed increased to the degree of the requested adjustment." *Ibarra-Montufar v. Colvin*, 12 CV 0736, 2013 WL 6507865, at *2 (N.D. Ill. Dec. 12, 2013) (collecting cases); *see, e.g.*, *Bias v. Astrue*, No. 11 CV 2247, 2013 WL 615804, at *2 (N.D. Ill. Feb. 15, 2013) (approving fee calculation of $181.25 per hour based on the CPI–U index); *Seabron v. Astrue*, No. 11 CV 1078, 2012 WL 1985681, at *4 (N.D. Ill. June 4, 2012) (approving the use of the national CPI over the regional CPI); *see also Hamrick v. Astrue*, No. 09 CV 0179, 2010 WL 3862464, at *3 (N.D. Ind. Sept. 27, 2010) ("[I]t appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate that he seeks."). The Commissioner acknowledges the decision to adopt the national or regional index is left to the court's discretion (Resp. 3). In these circumstances, given the minuscule difference in the rates[3]

---

[3] The regional CPI in December 2016 was $230.476, compared to $241.432 for the same month in CPI-U. *See* https://www.bls.gov/regions/midwest/data/consumerpriceindexhistorical_chicago_table.pdf

and the strength of plaintiff's evidence in support of a CPI adjustment, the Court opts for the higher hourly rate of $192.68 (for 2016).

**B. Quarterly Billing and Billing Judgment**

The Commissioner argues that Plaintiff's counsel's quarter-hour billing rate is not reasonable and he should not be reimbursed for "exaggerated billing entries for more than one-tenth an hour." (Resp. 2). In the sole case that the Commissioner cites for support, *Schulten v. Astrue*, No. 08 C 1181, 2010 U.S. Dist. LEXIS 52788, at *5 (N.D. Ill. May 28, 2010), the Court granted plaintiff's request for attorneys' fees. The Court explained, "[t]he Equal Access to Justice Act certainly does not prescribe billing in one-tenth or 6 minute increments. The question that a judge must decide under the Act is not the method of billing, but whether the fees and costs are excessive, redundant or otherwise unnecessary." Similarly, in *Girondi v. Astrue*, No. 09 C 3623, 2012 U.S. Dist. LEXIS 128202, at *5 (N.D. Ill. Sep. 10, 2012), the Court granted plaintiff's request for fees, explaining: "That practice [billing in quarter-hour increments] is not forbidden and is permissible." Here, Plaintiff's counsel's practice of using quarter-hour billing was permissible. The Commissioner also argues that the fee petition does not show that Plaintiff's counsel exercised billing judgment because he billed for minor tasks and did not winnow his time for major tasks. (Resp. 2–3). But the Commissioner does not point to any particular entry that demonstrates the time spent was excessive, redundant or otherwise unnecessary. The Court has reviewed Plaintiff's fee petition and does not find any of the entries to be excessive, redundant or otherwise unnecessary. The Commissioner's generic arguments do not convince the Court otherwise. *See Seabron v. Astrue*, No. 11 C 1078, 2012 U.S. Dist. LEXIS 77216,

at *7 (N.D. Ill. June 4, 2012) ("[W]e are not willing to reduce Mr. Seabron's attorneys' fee request based on a 'generic comparison' to another case and vague ideas of reasonableness.").

**C. Direct Payment of Fees to Plaintiff's Attorney**

Finally, the Commissioner requests that if fees are awarded, any fees be paid to plaintiff and not his attorney, to be offset to satisfy any pre-existing debt the litigant owes to the United States. (Resp. 4). The Court agrees. Accordingly, the awarded fees shall be made payable to Plaintiff. If after entry of the award, the Commissioner can verify that Plaintiff does not owe any pre-existing debts subject to offset, the Commissioner shall direct that the award be made payable to Counsel, pursuant to the fee agreement between Counsel and Plaintiff.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [24] is **GRANTED** in the amount of $9,029.26. This amount, after any applicable offset, shall be made payable to Plaintiff's counsel.

E N T E R:

Dated: April 13, 2017

_____
MARY M. ROWLAND
United States Magistrate Judge